UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>        v.<br><br>MAREK KAZARYN,<br><br>        Defendant. | CASE NO.   CR07-156 RSL<br><br>DETENTION ORDER |

Offense charged:

    Conspiracy to Distribute Cocaine, in violation of Title 21, U.S.C., Sections 841(a)(1), 841(b)(1)(A), and 846.

Date of Detention Hearing:   May 2, 2007

    The Court, having conducted a contested detention hearing pursuant to Title 18 U.S.C. § 3142(f), and based upon the factual findings and statement of reasons for detention hereafter set forth, finds that no condition or combination of conditions which the defendant can meet will reasonably assure the appearance of the defendant as required and the safety of any other person and the community.  The Government was represented by Ron Friedman and Norman Barbosa.  The defendant was represented by William Hines.

FINDINGS OF FACT AND STATEMENT OF REASONS FOR DETENTION

(1) There is probable cause to believe the defendant committed the drug offenses of conspiracy to distribute cocaine. The maximum penalty is in excess of ten years. There is therefore a rebuttable presumption against the defendant's release based upon both dangerousness and flight risk under Title 18 U.S.C. § 3142(e).

(2) Nothing in this record satisfactorily rebuts the presumption against release for several reasons. Under Title 18 § 3142 (g), the Court considered the following: (a) The nature and circumstances of the offense charged, including whether the offense is a crime of violence or involves a narcotic drug;(b) the weight of the evidence; (c) the history and characteristics of the person, including the person's character, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, criminal history, and record concerning appearance at court proceedings and, (d) the risk of danger to the community.

(3) In this case the rebuttable presumption was not overcome after the Court carefully considered the letters from family and friends, and the numerous documents to explain his statements to U.S. Pretrial Services regarding his stated income, assets, liabilities and expenditures. Weighed along with these factors, the Court considered the number of times U.S. and Canadian border records show his entry into the United States which the Government argued was inextricably tied to the smuggling or trafficking of narcotics across the U.S. and Canadian border.

Based upon the foregoing information which is also consistent with the recommendation

DETENTION ORDER
PAGE -2-

of detention by U.S. Pre-trial Services, it appears that there is no condition or combination of conditions that would reasonably assure future Court appearances and/or the safety of other persons or the community.

**It is therefore ORDERED**:

(1) The defendant shall be detained pending trial and committed to the custody of the Attorney General for confinement in a correction facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

(2) The defendant shall be afforded reasonable opportunity for private consultation with counsel;

(3) On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to a United States Marshal for the purpose of an appearance in connection with a court proceeding; and

(4) The clerk shall direct copies of this order to counsel for the United States, to counsel for the defendant, to the United States Marshal, and to the United States Pretrial Services Officer.

DATED this 2nd day of May, 2007.

MONICA J. BENTON
United States Magistrate Judge